IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CAROLYN POLLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:07-3983-CMC |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID SAMUEL GOODWIN, | ) | **OPINION AND ORDER** |
| RHONDA H. RAYFIELD, and STATE | ) | **GRANTING MOTION TO REMAND** |
| FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion to remand (Dkt No. 9) which motion and supporting memorandum also serve as Plaintiff's response to this court's rule to show cause order (Dkt No. 5). Whether the motion to remand should be granted turns on application of the fraudulent joinder doctrine. For the reasons set forth below, the court concludes that the doctrine does not apply to this action. The motion to remand is, therefore, granted.

## I. BACKGROUND

Through this action Plaintiff asserts claims against three Defendants. The claims against two of the Defendants arise directly from a motor vehicle accident. Specifically, Plaintiff alleges that Defendant David Samuel Goodwin (Goodwin) was negligent in operating a motor vehicle and that this negligence caused an automobile accident which, in turn, caused Plaintiff to suffer personal injuries and property damage. Plaintiff further alleges that Defendant Rhonda H. Rayfield (Rayfield), the owner of the vehicle driven by Goodwin, was negligent in entrusting the vehicle to Goodwin. Neither Rayfield nor Goodwin carried insurance.

The claims against the third Defendant, State Farm Mutual Automobile Insurance Company (State Farm), are founded on the uninsured motorist provisions of an automobile insurance policy issued to Plaintiff by State Farm. Plaintiff alleges that State Farm breached that contract and acted in bad faith in its dealings relating to Plaintiff's claim under the uninsured motorist provisions of the policy. Specifically, Plaintiff asserts that State Farm failed to "fully investigate, evaluate and determine the loss" and "failed to make a timely and proper offer to Plaintiff" to settle the claim. Although the complaint refers to Plaintiff having filed a lawsuit relating to the underlying claim, the only specific indication of a lawsuit against Goodwin and Rayfield is their inclusion as Defendants in the present litigation.

Plaintiff and Defendants Goodwin and Rayfield are all citizens of South Carolina. Defendant State Farm is incorporated in and has its principal place of business in a state other than South Carolina.

In its removal papers and in response to Plaintiff's motion to remand, Defendant State Farm maintains that the two individual (nondiverse) Defendants were fraudulently joined in this action. It, therefore, asserts that the citizenship of the individual Defendants should be disregarded for purposes of determining diversity jurisdiction because their claims were improperly joined with the claims against State Farm.

Plaintiff argues that the claims of all three Defendants are properly joined in a single action because they arise out of the same transaction and occurrence (the automobile accident) and because there are common issues of law and fact (relating to liability and damages in the automobile accident). She further argues that State Farm cannot satisfy the high standard of establishing fraudulent joinder because she does, in fact, have valid claims against both of the individual

2

Defendants.[1]

## II. STANDARD

### A. Standard for Removal – Assertion of Subject Matter Jurisdiction

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey,* 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction ""where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

### B. Fraudulent Joinder Standard

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party. *See Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999). To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales*

---

[1] Plaintiff also relies on 28 U.S.C. Section 1441(b) which prohibits removal based on the existence of diversity jurisdiction if any Defendant is a resident of the state in which the district sits. This argument does not, however, add to resolution of the present motion as the court could properly disregard the failure of these Defendants to join in the removal if they were fraudulently joined. *See* 29A Federal Procedure, Lawyers Edition § 69:49 ([Westlaw] 2007).

3

*Corp.,* 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley,* 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes,* 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley,* 187 F.3d at 426.

### III. DISCUSSION

#### A.     Are the Nondiverse Defendants Improperly Joined?

State Farm has made a strong showing that Plaintiff's joinder of her claims against the individual Defendants with her claims against State Farm is impermissible under both the South Carolina and Federal Rules of Civil Procedure. Fed. R. Civ. P. 20 (a) ; S.C. R. Civ. P. 20(a). As explained below, the two sets of claims are legally distinct, arising from separate transactions or series of transactions.

The claims against Goodwin and Rayfield arise from an automobile accident and are pursued solely under negligence theories. The facts relevant to proving liability necessarily involve events predating or concurrent with the accident itself and relate to the ownership and operation of Rayfield's vehicle. While facts relevant to damages will largely post-date the accident, those facts will relate to the property damage caused by the accident and any personal injuries Plaintiff suffered as a result of the collision.

The claims against Goodwin and Rayfield might properly be combined in a single action because the alleged separate negligent acts of these Defendants arguably combined to cause a single set of injuries (those arising from the motor vehicle accident). Further, while Plaintiff may prove

4

her claim against Goodwin without proving her claim against Rayfield, the reverse is not true. Thus, it is appropriate to combine the claims against the driver and owner of the vehicle as the negligence of one or both of them led to a single wrong: the accident itself.

The claims against State Farm, however, are based on the alleged breach of a contract of insurance. Whether State Farm breached its contractual duties or committed the tort of bad faith in its processing of Plaintiff's uninsured motorist (UM) claim rests on events which, necessarily, occurred *after* the underlying accident. They are, moreover, wholly distinct in character from the events leading to the accident and would be tested under distinct legal standards.[2] Thus, while the fact that the motor vehicle accident occurred may give rise to the claim for insurance coverage, it cannot fairly be said that the accident itself is part of the "transaction" which gives rise to the claim against State Farm.

It is certainly not necessary to name State Farm as a defendant in the negligence action against the driver and owner of the vehicle. Statutory provisions governing unisured motorist claims suggest a contrary approach:

> (B) No action may be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the uninsured motorist provision. The insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear. The evidence of service upon the insurer may not be made a part of the record.

S.C. Code Ann. § 38-77-150(B). The last sentence in this provision, prohibiting inclusion of proof of service on the insurer in the record, is indicative of an intent that the actions not be combined. *See*

---

[2] To the extent any negligence standards may apply to the bad faith claim, those standards relate to an insurer's duties of good faith and reasonable procedures in the processing of claims. These claims standards have no overlap with the standards applicable to the owner and driver of a vehicle.

5

*also Williams v. Selective Ins. Co. of Southeast*, 446 S.E.2d 402, 404 (S.C. 1994) (noting that analogous provisions applicable to underinsured motorist claims are intended "to protect an insurance carrier's right to contest its liability for underinsured benefits" and that the insured's failure to pursue an action against the at-fault driver within the applicable statute of limitations frustrated that purpose, consequently resulting in loss of the insured's right to pursue recovery from the UIM carrier).

Case law also supports the conclusion that the actions should be tried separately and sequentially. *See*, e.g., *Criterion Insur. Co. v. Hoffman*, 188 S.E.2d 459, 463 (S.C. 1972) (noting, in discussing the service requirement in an earlier version of the statute, that "[t]he statute creating the right has set forth the procedure for enforcing the right"). As explained in *Laird v. Nationwide Insur. Co.,* 134 S.E.2d 206 (S.C. 1964):

> Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage. After judgment is entered against the uninsured motorist, a direct action *ex contractu* can be brought to recover from the insurance company on its endorsement, and policy defenses may be properly raised by the insurance company.

*Id.,* 134 S.E.2d at 209 (discussing policy issued under earlier version of uninsured motorist law). *See also Lawson v. Porter,* 180 S.E.2d 643, 644 (S.C. 1971) (paraphrasing the above-quoted excerpt from *Laird*).

Two district court decisions have predicted that the South Carolina Supreme Court would recognize that an insurer's duty of good faith extends to uninsured and underinsured motorist coverage. *See Myers v. State Farm Mut. Auto. Ins. Co.,* 950 F. Supp. 148 (D.S.C. 1997) (predicting that South Carolina Supreme Court would not require "an insured . . . to obtain judgment against an at-fault driver before the insured's carrier's duty arises to exercise good faith and deal fairly with

6

the insured regarding underinsured benefits" but acknowledging that statute and case law may delay the date on which the duty arises until suit is filed against the underinsured driver and served on the insurer); *Jefferson v. Allstate Ins. Co.*, 673 F. Supp. 1401 (D.S.C. 1987) (denying motion to dismiss bad faith claim against UM carrier based on similar rationale). The *Myers* decision also predicted that the state courts would allow an insured to bring a tort action against the insurer *before* the litigation against the driver/owner is concluded. It acknowledged, nonetheless, that obtaining a judgment against the underinsured driver was a prerequisite to suit on the contract claim.[3] Neither does that case suggest that the claims should be combined in a single action.

Evidentiary and other concerns, likewise, suggest that claims against an insurer relating to handling of an uninsured motorist claim (including regarding events preceding suit against the uninsured motorist) should not be joined with claims against the uninsured motorist. The risk of unfairly prejudicial reference to the existence of insurance would, for example, likely require separate trial in virtually every instance.[4]

---

[3] This distinction may raise practical concerns as the insured, by filing a tort action prior to the date on which her or she may file the contract claim may be deemed to have waived the right to file a contract claim.

[4] In researching the present issue, the court has come across some older South Carolina cases which hold that an injured party may seek recovery, in the same action, against an alleged tortfeasor and the tortfeasor's liability insurer *where the insurance at issue is required by law*. *See, e.g., Vanderford v. Smith,* 111 S.E.2d 777 (S.C. 1960); *Brown v. Quinn,* 68 S.E.2d 326 (S.C. 1951). These decisions rest, in part, on the conclusion that the defendants will not be unfairly prejudiced by introduction of evidence relating to insurance coverage because the jury is presumably aware of the legal requirement that insurance be obtained. *E.g., Brown,* 68 S.E.2d at 328-29. More recent cases indicate that such actions against a third-party insurer are allowed only when expressly authorized by law and then only if the insured is joined in the action. *Major v. National Indem. Co.,* 229 S.E.2d 849 (1976). The present action involves first-party insurance benefits, thus there is privity allowing a direct action. *See id.* (noting that direct actions may be brought where there is privity). This does not, however, suggest that a claim which the legislature has expressly indicated should be filed as a separate and prerequisite action (the claim against the uninsured motorist) may

(continued...)

Combining discovery, likewise, would pose substantial if not insurmountable difficulties as the insurer would, during the motorist-liability phase of the case, likely have the right to protect its files from discovery. By contrast, in determining whether the insurer acted with bad faith, Plaintiff may well have a right of access to the same files. At the very least, the arguments for and against discovery of the insurer's files would be vastly different depending on whether viewed in the context of the claims against the driver and owner or in the context of the claims against State Farm.

These difficulties must be balanced against the benefits of a common proceeding. The undersigned finds none. First, the factual and legal bases of the claims are sufficiently distinct that there is no benefit in common trial. If anything, common trial risks substantial confusion of the legal and factual issues.[5]

Second, a common trial is not necessary to avoid inconsistent verdicts. The sequential proceedings contemplated by the statute and explained in *Laird* provide Plaintiff with a full opportunity to present her case against the uninsured motorist (and owner) while also allowing the insurer a full opportunity to step into the shoes of the uninsured motorist to defend, all without joining the insurer in the action. Any judgment in the action against the uninsured motorist would,

---

[4](...continued)
be combined with a direct claim founded on the insurance contract and duties of good faith arising from that contract.

[5] Plaintiff offers confusing and novel arguments as to: (1) why both claims arise from the same transaction; (2) why the possible availability of punitive damages against the uninsured driver supports an award of punitive or extra-contractual damages against the insurer; and (3) why the *Tyger River* doctrine should be applied in this novel (UM claim) context. None of these arguments would require resolution in an action pursued solely against Goodwin and Rayfield. At least some of them would not need resolution in a subsequent action against the insurer, either because they are irrelevant to a separate action or because the decision in the action against the individuals mooted the issue (for instance if the amount awarded was less that the UM coverage). In any event, separate handling of such distinct issues would avoid unfair prejudice and minimize the risk of juror confusion.

therefore, be binding on both the insured and insurer (assuming the proper notice is given). Should a dispute then arise as to the extent to which the judgment against the uninsured motorist is *covered by the insurance contract* or whether any claims handling procedure was improper, that dispute may be handled in a separate action with no need to involve the uninsured motorist.

For all of these reasons, it appears that Plaintiff's claims against State Farm do not arise from the same transaction or occurrence or series of transactions or occurrences as do Plaintiff's claims against the individual Defendants. This court, therefore, concludes that joinder does not satisfy Rule 20 of the Federal Rules of Civil Procedure and predicts that a state court would reach the same conclusion applying its corresponding rule.[6]

**B.      Does Misjoinder of Claims Support a Finding of Fraudulent Joinder?**

For reasons set forth in the preceding section, the court concludes that the claims against State Farm have been improperly joined with the claims against Goodwin and Rayfield. The next question is whether this misjoinder rises to the level of fraudulent joinder.

As noted above, State Farm may establish fraudulent joinder by demonstrating either: (1) outright fraud in the pleading of jurisdictional facts; or (2) that there is no possibility that Plaintiff will be able to establish a cause of action against the in-state Defendants. *See Hartley,* 187 F.3d at 424. Neither of these standards is met here. There is no suggestion that the jurisdictional facts are falsely pled and Plaintiff has clearly stated a claim against both of the non-diverse individual Defendants.

---

[6] Plaintiff relies on a state trial court decision which denied a motion to dismiss when presented with a case similar to this one. *See Labod v. Hoover*, C.A.No. 05-CP-26-1847 (Horry, S.C. County Court of Common Pleas Nov. 3, 2005) (attached as Dkt No. 9-2 in this action). That decision is not on point as the court was not presented with motion to sever. *See generally* S.C. R. Civ. P. 21 (noting that misjoinder is not a ground for dismissal of an action and indicating that severance is the proper remedy).

The problem is not that there is no valid claim against these parties. It is that the claims against them do not belong in the same case as the claim against Defendant State Farm. State Farm has not, therefore, satisfied the fraudulent joinder standard as expressed in *Hartley* and *Mayes*.

### C.     Is Removal Allowed Based on Separate and Independent Claim Status

For reasons discussed in Section III.A. above, it appears that the complaint asserts what might fairly be characterized as "separate and independent claims." *See* 29A Federal Procedure, Lawyers Edition § 69:47 ([Westlaw] 2007) ("Whether the complaint discloses a single wrong or multiple wrongs to the plaintiff is the test of the existence of a separate and independent claim or cause of action under 28 U.S.C.A. § 1441(c)."). Removal of separate and independent claims is allowed despite the joinder of those claims with a non-removable claim but *only* when the court's subject matter jurisdiction is founded on 28 U.S.C. § 1331 (federal question jurisdiction). *See* 28 U.S.C. § 1441(c). This results from a 1990 amendment which restricted the reach of Section 1441(c). 29A Federal Procedure, Lawyers Edition § 69:41 ("Since its 1990 amendment, 28 U.S.C.A. § 1441(c) does not permit the removal of a separate and independent claim based on diversity of the parties.")

It appears, therefore, that Congress intended to restrict removal in situations comparable to the present. As no other apparent grounds for removal exist, the undersigned concludes that the action must be remanded.[7] Remand is without prejudice to a second removal in the event the claims of the non-diverse Defendants are severed prior to the expiration of one year from institution of the action. *See* 28 U.S.C. § 1446(b) (imposing time limit on removal).

---

[7] This does not preclude removal. Instead, it precludes removal unless and until Defendant State Farm obtains a severance order from the state court.

10

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion is granted and this matter is remanded to the state court from which it was removed.  The court declines to award fees, costs or expenses under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 23, 2008